# JOSEPH WENAR

*v.*

# J. J. POHL.

### OPINION IN MATTER OF CONTEMPT.

An attorney, when he does not content himself with giving his advice and opinion upon the validity of an order of the court, but urges disobedience and takes part in acts which are forbidden by the order, is himself liable for contempt, alike with his client.

January 27, 1902.

HOLT, Judge, delivered the following opinion:

Upon the averments of the bill filed in this case, the court entered a temporary restraining order, for the purpose of preserving the property *in statu quo,* and to prevent any irreparable injury to anyone until a hearing for a temporary injunction could be had at a near day and both parties be heard. I have no doubt of the power of the court to enter such an order, nor have I any doubt that the party was bound to obey it until the further order of the court. This is necessary to the very existence of the court in the proper performance of its duties. Upon the question now presented I am not determining any right to the property, nor am I deciding, as this court has the right to do, however, whether or not the insular district court at that time had been devested of jurisdiction, and whether it had attached to this court by virtue of any steps for removal of

Wenar v. Pohl.

the suit brought there, that may have been taken in that court; but I am now hearing solely the question of contempt for a violation of an order of this court by the defendant and his attorney. The duty is an exceedingly unpleasant one, and one that has given the court much unpleasant feeling since the occurrence. The feelings of the court toward the attorney are most kind, but this cannot enter into a question of duty. I have no doubt that the attorney believed he was acting in accordance with law, and yet, in my opinion, there was a disregard of the order of this court, and misconduct as an attorney of this court, which cannot pass unnoticed and unpunished. He did not content himself with giving an opinion of the validity of the courts's order, but advised and urged its disobedience, and actually took part in disobeying it and taking possession of the property. This is admitted by him, and it was in manifest disrespect of the court, and calculated to create contempt for it.

It is, therefore, the judgment of this court that the defendant J. J. Pohl be fined in the sum of $200, and committed to the custody of the marshal to be imprisoned until said fine is replevied, paid, or legally discharged; and that he be also now committed to the custody of the marshal to be imprisoned until the possession and the keys of the property in contest are restored to the plaintiff, Wenar, and the status of possession of the property be restored as it was when the temporary restraining order was served. Also, that the defendant T. D. Mott, Jr., Esq., be suspended from practising in this court for six months from this date; but, under all the circumstances, this order is not to be enforced as to him without further order of the court, save as to thirty days. An order will be entered conforming to this opinion.

I also wish to add that this court has, upon all occasions, tried to be very careful to not infringe upon the power of the insular

courts.    Wherever I have had a doubt upon that question I have
resolved it in favor of their jurisdiction.    I think that is the
proper view to take of the matter.    The practice, however, of
transferring cases, is quite common in the states.    The state
courts never fail to do it when the petition is presented and the
bond executed, unless it is perfectly apparent upon the face of
the papers that no ground of transfer exists, and even then the
United States court, upon the filing of the copy of the petition,
bond, and transcript of the case, is the judge at last as to whether
it should be transferred, and it proceeds to hear and determine
that question.    Of course, if it should not have been transferred,
it is the duty of the United States court to remand it to the
state or insular court.    I repeat, that wherever this court has a
doubt as to whether a case is properly transferable it will be re-
manded, and this court will refuse to take jurisdiction; but, in
a case where the jurisdiction is clearly and plainly given to this
court, there should be no ground for any difference between the
courts as to the transfer and power to try the case.

In deciding this matter to-day, I do not pretend for a moment,
to any extent or in any way, to pass upon the rights of the par-
ties to this property; nor to pass upon whether the insular dis-
trict court was properly devested of jurisdiction and this court
invested with it.    That is a question to be determined in the
future, in this case, and I now only determine the question
whether the temporary restraining order of this court was
violated.